Settle orders on notice.

In the Matter of SHOSHANA W. KRAUSHAR, Individually and as Guardian ad Litem for ABRAHAM E. N. KRAUSHAR and Another, Infants, Petitioner, against HENRY L. KRAUSHAR, Respondent.

Supreme Court, Special Term, Kings County, March 9, 1954.

476

*Mayper & Lazarus* for respondent.

*Tenzer, Greenblatt, Fallon & Kaplan* for petitioner.

McDONALD, J. This is a motion for an order directing the petitioner to accept the respondent's notice of appeal. Prior to the 9th day of September, 1953, petitioner and the respondent entered into a separation agreement, the terms of which are immaterial here. On September 9, 1953, an ex parte order was granted in this court upon the application of the petitioner for her appointment as guardian ad litem of her two infant children. Thereafter petitioner moved this court by an order to show cause dated October 20th and returnable on October 27th, for an order modifying the separation agreement and for injunctive relief. On October 28th, of the same year, respondent moved to vacate the order of September 9th, appointing the petitioner as guardian ad litem. These motions were adjourned from time to time, and both came on for argument and were heard simultaneously on December 15, 1953. On December 22d, both motions were denied by Mr. Justice MORRISSEY in a single opinion. The petitioner thereupon moved this court for reargument of the original motion to modify the separation agreement, which motion was denied on January 6, 1954. On January 8th, the respondent's attorney entered orders upon all three motions denying the same. Consequently, the respondent's time to appeal commenced to run on that day. Three days later and on January 11, 1954, he served copies of the orders denying petitioner's motions, with notice of entry, upon the attorneys for petitioner and at the same time served upon petitioner's

attorneys a copy of the order denying the respondent's motion to vacate the appointment of the petitioner as guardian ad litem. The time of the petitioner to appeal from the denial of her motions therefore commenced to run on January 11, 1954. On February 9, 1954, petitioner served a notice of appeal from the orders denying these motions. After the service of said notice of appeal, and on the same day, the respondent's attorney served a notice of appeal from the order denying his motion to vacate the order appointing petitioner guardian ad litem of the infant children. This notice of appeal was promptly returned to the respondent's attorney on the ground that the time in which to appeal from the order had expired on February 8th. The respondent now seeks to compel the petitioner to accept the notice of appeal, relying on section 578-a of the Civil Practice Act, as amended by chapter 291 of the Laws of 1952. As far as the court is able to ascertain, no court has passed upon the effect of this amended section since its enactment.

From a reading of the report of the Judicial Council of the study supporting the report (see Eighteenth Annual Report of N. Y. Judicial Council, 1952, p. 76) which discussed the cases arising under the section prior to its amendment and which proposed the adoption of section 578-a in its present form, there is a clear manifestation that the section is intended to apply only to cross appeals.

The question thus arises whether the notice served by the respondent is a cross appeal or an appeal from an independent order. Cross appeals must relate to the same judgment or order and present for the court's consideration some judgment or order adverse to the appeal of the original appellant. (See 4 C. J. S., Appeal and Error, § 35.) Black's Law Dictionary (1951 ed.) defines a cross appeal as follows: " Where both parties to a judgment appeal therefrom, the appeal of each is called a cross-appeal as regards that of the other. (3 Steph. Comm. 581.) "

The respondent urges that this is a cross appeal and comes within the provisions of section 578-a of the Civil Practice Act for the reason that the motions were argued on the same day and that thereafter the orders were entered on the same day and were made by the same judge. The fact that the motions were heard on the same day by the same judge and that the orders were entered more or less simultaneously is merely coincidental and does not unite the motions in a single unit. If the respondent had been adversely affected in any respect by the orders from which the petitioner appeals, a cross appeal with respect thereto

would have been timely under section 578-a of the Civil Practice Act if the notice had been served within ten days after the receipt of the original notice of appeal. However, the notice of appeal served by the respondent did not in any way pertain to the order from which the petitioner appealed in the original notice but pertained to an entirely independent order. The appeal from this independent order cannot be considered as a cross appeal. To hold otherwise would require a determination that any appeal in a given proceeding reopened and extended the time to appeal from all previous interim orders. Such was not the recommendation of the Judicial Council nor the expressed intent of the Legislature at the time of the adoption of the amendment to section 578-a.

Under these circumstances, the right of the respondent to appeal from the denial of his motion is subject to the limitations set forth in section 612 of the Civil Practice Act. The respondent, not having served a notice of appeal within thirty days, as provided for in section 612 of the Civil Practice Act, was late with his notice and, therefore, the motion must be denied. If this court were to hold that a notice of appeal from one order in a proceeding extended the time of the other party to appeal from other orders in the proceeding, where the time to appeal had expired, a chaotic result would ensue which was not intended by the Legislature in the enactment of section 578-a, as amended. Submit order.